# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

WARREN SHELOR, et al.,

       Plaintiffs,

v.                           Case No.  3:23-cv-908-MMH-PDB

TATA MOTORS GROUP, et al.,

       Defendants.

_____

# O R D E R

**THIS CAUSE** is before the Court on Plaintiffs' Opposition and Incorporated Memorandum of Law to Defendant Jaguar Land Rover North America, LLC's Motion to Dismiss (Doc. 35; Response), filed on February 20, 2024.  In the Response, in addition to asserting that Defendant Jaguar Land Rover North America, LLC's (JLRNA) motion to dismiss is due to be denied, Plaintiffs alternatively request that any dismissal be without prejudice.  See Response at 20.  As such, Plaintiffs are essentially requesting that, in the event the Court determines that the allegations in the First Amended Class Complaint (Doc. 31) are inadequate, they be granted the opportunity to file a second amended complaint or a new complaint in a separate action.  However, this thinly veiled request for leave to amend is legally insufficient and therefore due to be denied.

Pursuant to Rule 7, and Eleventh Circuit precedent, a request for affirmative relief must be presented to the Court in a motion.  See Fed. R. Civ. P. 7(b) ("A request for a court order must be made by motion.").  Thus, a request for affirmative relief, such as a request for leave to amend a pleading, is not properly made when simply included in a response to a motion.  See Rosenberg v. Gould, 554 F.3d 962, 965 (11th Cir. 2009) ("'Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly.'" (quoting Posner v. Essex Ins. Co., 178 F.3d 1209, 1222 (11th Cir. 1999))); Davidson v. Maraj, 609 F. App'x 994, 1002 (11th Cir. 2015) ("It has long been established in this Circuit that a district court does not abuse its discretion by denying a general and cursory request for leave to amend contained in an opposition brief." (citations omitted)).  Indeed, "the proper method to request leave to amend is through filing a motion, and such motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment."  Burgess v. Religious Tech. Ctr., Inc., 600 F. App'x 657, 665 (11th Cir. 2015) (citing Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999)); see also Newton v. Duke Energy Fla., LLC, 895 F.3d 1270, 1277 (11th Cir. 2018) ("When moving the district court for leave to amend its complaint, the plaintiff must 'set forth the substance of the proposed amendment or attach a copy of the proposed amendment' to its motion." (quoting Cita Tr. Co. AG v. Fifth Third Bank, 879 F.3d 1151, 1157 (11th

Cir. 2018))); McGinley v. Fla. Dep't of Highway Safety and Motor Vehicles, 438 F. App'x 754, 757 (11th Cir. 2011) (affirming denial of leave to amend where plaintiff did not set forth the substance of the proposed amendment). This makes sense because without knowing the substance of a plaintiff's proposed amendment, a court would be unable to determine whether the plaintiff could amend the complaint to cure a defective claim. See U.S. ex rel. Atkins v. McInteer, 470 F.3d 1350, 1362 (11th Cir. 2006) ("[A] plaintiff should not be allowed to amend [her] complaint without showing how the complaint could be amended to save the meritless claim." (internal quotation marks and citation omitted)). Thus, to the extent Plaintiffs' request that any dismissal be without prejudice is intended to seek or secure an opportunity to file a second amended complaint, it is not property before the Court.[1]

As such, Plaintiffs are advised that if they believe a more carefully drafted complaint would cure any alleged deficiency identified by Defendant JLRNA in its motion to dismiss, Plaintiffs are required to file an appropriate motion for leave to amend the First Amended Complaint, in accordance with the Federal

---

[1] Plaintiffs' request also fails to comply with Local Rules 3.01(a) and 3.01(g), United States District Court, Middle District of Florida (Local Rule(s)). Local Rule 3.01(a) requires a memorandum of legal authority in support of a request from the Court. See Local Rule 3.01(a). Local Rule 3.01(g) requires certification that the moving party has conferred with opposing counsel in a good faith effort to resolve the issue raised by the motion and advising the Court whether opposing counsel agrees to the relief requested. See Local Rule 3.01(g).

Rules of Civil Procedure and the Local Rules of this Court.[2]  Significantly, Plaintiffs cannot await the Court's ruling on the motions to dismiss before properly seeking leave to amend.  See Avena v. Imperial Salon & Spa, Inc., 740 F. App'x 679, 683 (11th Cir. 2018) (stating that the Eleventh Circuit has "rejected the idea that a party can await a ruling on a motion to dismiss before filing a motion for leave to amend") (citing Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir. 2002)).  Plaintiffs are further cautioned that in the event the Court determines that JLRNA's motion to dismiss for failure to state a claim is due to be granted, and Plaintiffs have not filed a proper motion requesting leave to amend, any such dismissal likely would be with prejudice. See Eiber Radiology, Inc. v. Toshiba Am. Med. Sys., Inc., 673 F. App'x 925, 929-930 (11th Cir. 2016) (noting that a dismissal for failure to state a claim under Rule 12(b)(6) ordinarily acts as a dismissal with prejudice and affirming the refusal to give a plaintiff a "second bite at [the] apple" where the plaintiff "inexplicably failed to follow the well-trodden procedural path toward amendment"); see also Wagner, 314 F.3d at 542 ("A district court is not required to grant a plaintiff leave to amend [its] complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested

---

[2] In making this observation, the Court expresses absolutely no opinion on the merit of JLRNA's arguments.  Indeed, the Court has not yet undertaken a review of the substantive arguments.  Rather, as is this Court's custom, in this Order in an abundance of caution the Court simply addresses the procedural posture of the case.

leave to amend before the district court."); <u>Long</u>, 181 F.3d at 1279-80 (holding that a plaintiff's failure to properly request leave to amend "preclude[d] the plaintiff's argument on appeal that the district court abused its discretion by denying her leave to amend her complaint"); <u>Davidson</u>, 609 F. App'x at 1002 ("Under our case law, Davidson's request for leave to amend was insufficient as a matter of law and the district court did not abuse its discretion in denying it."); <u>Cita</u>, 879 F.3d at 1157 (holding that the plaintiff had failed to properly move to amend its complaint where "[a]ll [the plaintiff] did was, in the conclusion of its response in opposition to Fifth Third's motion to dismiss the complaint, alternatively request dismissal without prejudice so that it <u>could amend</u> the complaint"). Accordingly, it is

**ORDERED**:

To the extent that they request affirmative relief from the Court, Plaintiffs' Response in opposition to JLRNA's motion to dismiss (Doc. 35) is **DENIED without prejudice** to filing a legally sufficient motion for leave to amend that complies with the Federal Rules of Civil Procedure and the Local Rules of this Court.

**DONE AND ORDERED** in Jacksonville, Florida, February 21, 2024.

**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:
Counsel of Record